IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DONNA CALLWOOD CLINE and MURIEL
CALLWOOD,

        Plaintiffs

          v.

PUERTO RICO PORTS AUTHORITY, et
al.,

        Defendants

CIVIL NO. 08-1269 (JP)

## AMENDED INITIAL SCHEDULING CONFERENCE ORDER

I.    **INTRODUCTION**:

    The parties met with the Court on July 11, 2008, for an Initial Scheduling Conference, represented by counsel: Emilio Solé-de la Paz, Esq. and Rafael G. Martínez-Géigel, Esq., for the Plaintiffs; and Jaime F. Agrait-Lladó, Esq., for the Defendants.

    **This Order is hereby AMENDED to reflect the changes to the proposed medical stipulations in Uncontested Facts #6 through #14 filed by Defendants (No. 28) in compliance with Preliminary Order C.**

II.    **PLAINTIFFS' ALLEGATIONS**:

    Plaintiff Donna Callwood Cline ("Cline") is 34 years old and lives in the British Virgin Islands.  Cline suffers from rheumatoid arthritis and travels frequently to Puerto Rico for treatment for her arthritic condition.  On March 5, 2007, Cline stepped out of a taxi cab at the Luis Muñoz Marín International Airport and allegedly

CIVIL NO. 08-1269 (JP)          -2-

slipped and fell on a large oil patch on the pavement.  As a result
of the slip and fall, Cline alleges that she sustained serious
injuries to her ankle, which required: (1) emergency treatment at
Dr. Federico Trilla University of Puerto Rico Hospital, (2) emergency
surgery on March 6, 2007, and (3) hospitalization for four days.
Cline was allegedly diagnosed with a displaced trimalleoar fracture
in her right ankle, which required implantation of a surgical plate
and six surgical screws.  Cline alleges that she suffered severe
physical and emotional damages and that she has sustained permanent
impairment as a result of the fall.

Co-Plaintiff Muriel Callwood ("Callwood") is Cline's mother and
asserts that she sustained emotional pain and suffering as a result
of her daughter's injuries.  Furthermore, Callwood claims she had to
move from St. John to Tortola to take care of her daughter following
Cline's surgery.

Plaintiffs claim that Cline's fall was due to Defendants'
negligent maintenance of the area where Cline slipped and fell.

III. **DEFENDANTS' ALLEGATIONS:**

Defendants Puerto Rico Port Authority ("PRPA") and its insurer
Ace USA Insurance Co. ("Ace USA") allege that Plaintiff's slip and
fall occurred "out on the street."  Defendants assert that PRPA has
no duty to keep streets and sidewalks in perfect condition, and thus
that PRPA breached no duty to Plaintiff.  Defendants also point to

CIVIL NO. 08-1269 (JP)            -3-

Cline's pre-existing arthritic condition as a contributing factor to her injuries.

IV.   **UNCONTROVERTED FACTS OF THE PARTIES**:

The following uncontested facts were stipulated at the Initial Scheduling Conference by the parties hereto, and are hereby incorporated into this Order:

1.   On March 5, 2007, Plaintiff Cline arrived at the Luis Muñoz Marín International Airport in Isla Verde, Puerto Rico.

2.   Plaintiff arrived at the airport on a privately owned taxi cab.

3.   Plaintiff Cline fell on a street while getting out of the taxi cab.

4.   Plaintiff suffered an injury to her right ankle.

5.   Plaintiff was treated at the Dr. Federico Trilla University of Puerto Rico Hospital in Carolina, Puerto Rico.

6.   Plaintiff Cline was hospitalized for four days.

7.   Plaintiff was diagnosed with a displaced trimalleoar dislocation in her right ankle with bone displacement. Plaintiff's injury required emergency surgery, which took place on March 6, 2007.

8.   Plaintiff required surgical internal fixation of her joint with implantation of a surgical plate and surgical screws.

CIVIL NO. 08-1269 (JP)          -4-

As a result, Plaintiff remained hospitalized for four days.

9. Plaintiff has required physical therapy for her injury.

10. As a result of her injury, plaintiff has to wear a brace on the injured ankle.

11. Plaintiff was unable to work from March 6 to June 22, 2007.

12. ACE/USA is the insurance carrier for the Puerto Rico Ports Authority in this case, through an insurance policy subject to its terms and limitations.

13. The Puerto Rico Ports Authority is a public corporation with capacity to sue and be sued.


V.   **PRELIMINARY ORDERS**:

A.   The parties **SHALL** file with the Court their expert witness reports and curriculum vitae, along with a brief description of the expected testimony of their expert witnesses, as follows:

1.   Plaintiffs **SHALL** submit the report of Dr. Hugo César **on or before August 4, 2008.**

2.   Defendants **SHALL** submit the report of Dr. Carlos Grovas-Badrena **on or before September 18, 2008.**

CIVIL NO. 08-1269 (JP)            -5-

B.  Defendant ACE/USA **SHALL** submit the relevant insurance policy **on or before July 21, 2008.**  If Defendant fails to submit the policy by said date, the Court will hold that the policy covers the full amount of any judgment entered in favor of Plaintiffs.

C.  Defendants **MAY** file a motion with the Court contesting Uncontested Facts 6 through 14 **on or before July 23, 2008.** Defendants must provide proper evidentiary support detailing why any opposed facts are not uncontested.

D.  The parties informed the Court that they have exchanged interrogatories.  Answers **SHALL** be served **on or before August 11, 2008.**  No further extensions.

E.  The parties have exchanged requests for document production.  All documents **SHALL** be produced **on or before August 11, 2008.**

F.  Plaintiffs made requests for admissions.  Defendant **SHALL** respond **on or before August 11, 2008.**  Defendants informed the Court that they will not be making any requests for admissions.

G.  Defendants **MAY** disclose a "street cleaner" witness **on or before July 28, 2008.**  Failure to timely name said witness will result in preclusion of the testimony of this witness at any later time.

CIVIL NO. 08-1269 (JP)            -6-

     H.   Plaintiffs informed the Court that they will not depose Dr. Carlos Grovas-Badrena.

     I.   Plaintiffs **SHALL** make Plaintiff Cline available for medical examination by Dr. Grovas on **August 29, 2008**, beginning at 7:00 a.m., at the office of Dr. Grovas.

## VI. <u>WITNESSES</u>:

     A.   Plaintiffs

         1.   Dr. Hugo César, expert witness

         2.   Dr. Richard Valentín, treating physician

         3.   Donna Callwood Cline

         4.   Muriel Callwood

     B.   Defendants

         1.   Dr. Carlos Grovas-Badrena, expert witness

No additional witnesses, including witnesses intended to be used solely for impeachment purposes, will be permitted to testify at trial because this will create undue prejudice to the opposing party. If any party wishes to use additional witnesses, it will be at the discretion of the Court. Parties that wish to admit the testimony of additional witnesses must file the following information with the Court on or before **September 12, 2008**: the name and address of the witness, a short statement as to the subject matter of their testimony, and proof that either the name of the witness or the relevance of the proposed testimony was not known at the time of this Initial Scheduling Conference. In the case of a proposed expert

CIVIL NO. 08-1269 (JP)              -7-

witness, the party requesting leave to amend the witness list must
also provide the expert's report to the Court and to the defendant
within two weeks of the request, which must include all the
information specified in Rule 26(a)(2)(B) of the Federal Rules of
Civil Procedure and all, if any, information requested in the Initial
Scheduling Conference Call.  If any party decides not to use a
witness listed herein at trial, the party must notify all other
parties at least fifteen days before trial.  Failure to provide such
notice may result in sanctions, including an instruction to the jury
that it may presume that the party did not call the witness to
testify at trial because the witness's testimony was adverse to its
case.

     Noncompliance with this Order regarding additional witnesses
will result in the witnesses not being permitted to testify at trial.
The Court expressly reserves its decision as to whether the reasons
provided constitute good cause shown to rebut its presumption that
these witnesses should be excluded.   The party informing new
witnesses must produce them at its own cost for depositions to be
scheduled by the other party, to be taken within two weeks if the
other party so desires.

VII. **DOCUMENTARY EVIDENCE**:

        A.    Plaintiffs

              1.    Claim letter to Puerto Rico Ports Authority dated
                    June 1, 2007.

CIVIL NO. 08-1269 (JP)          -8-

2.   Claim letter to Commonwealth of Puerto Rico's Justice
     Department dated June 1, 2007.

3.   Incident   Report   from   the   Puerto   Rico Police
     Department dated March 5, 2007.

4.   Copy of Plaintiff's passport documenting her entry
     and exit from the United States during the period(s)
     referred to in the Complaint.

5.   Ambulance Record from GES Ambulance Health Services
     dated March 5, 2007.

6.   Plaintiff's complete Hospital Record for her stay at
     the Dr. Federico Trilla Hospital in Carolina.

7.   Plaintiff's Medical Record from Peebles Hospital at
     Road Town, Tortola, B.V.I., being compiled.

8.   Plaintiff's Medical Records from the medical offices
     of Hugo V. Caesar, M.D., P.C.

9.   Report of Ankle MRI dated 12/19/07 from St. Thomas
     Radiology Associates, LLC.

10.  X-Rays of Plaintiff's injury.

11.  Certificate of employment from the British Virgin
     Island Financial Services Commission establishing the
     period of lost employment by plaintiff.

12.  Three (3) Benefit Claim/Medical Certificate Forms
     from the British Virgin Islands Social Security

CIVIL NO. 08-1269 (JP)          -9-

> Board, certifying plaintiff's periods of disability to work.
>
> 13. Prescriptions for medications which are being compiled.
>
> 14. Bills and receipts for medical and other expenses which are being compiled.
>
> 15. Records from Puerto Rico treating physicians which are compiled.

B.   Defendants

> 1. The CV and expert report by Dr. Carlos Grovas.
>
> 2. The medical records that Plaintiff will produce on her damages.

No other documents, including documents intended to be used solely for impeachment purposes, will be admitted without leave of Court.  Parties that wish to admit documentary evidence not listed above must serve the document on all other parties and must file the following information with the Court on or before **September 12, 2008**: a description of the documentary evidence, the document's relevance to the case, and an explanation as to why the document's existence or materiality was not known at the time of the Initial Scheduling Conference.  The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

CIVIL NO. 08-1269 (JP)            -10-

## VIII.  **DISCOVERY**:

The parties have agreed that they will conduct only the following discovery:

    A.   Plaintiffs

        1.   Depositions:

            a.   Defendants' street cleaner witness - August 11, 2008, beginning at 9:00 a.m. at the office of the Plaintiffs' attorney.

    B.   Defendants

        1.   Depositions:

            a.   Dr. Hugo César - August 29, 2008, beginning at 9:30 a.m. at the office of the Defendants' attorney.

            b.   Dr. Richard Valentín - August 29, 2008, beginning at 2:00 p.m., in the office of Defendants' attorney.

            c.   Donna Callwood Cline - August 28, 2008, beginning at 1:00 p.m., in the office of Defendants' attorney.

            d.   Muriel Callwood - August 28, 2008, beginning at 3:00 p.m., in the office of Defendants' attorney.

CIVIL NO. 08-1269 (JP)          -11-

All depositions are taken day-to-day until finished.  All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent.  Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m.  No further discovery will be conducted without leave of the Court.  If leave is granted, the rules as herein stated apply to this further discovery.  If any other judge schedules anything for the same date as any of the scheduled depositions, the attorney must inform that judge that the depositions in this case have already been scheduled by Order of this Court.  The Court includes this section as part of the foregoing Order after an attorney with this concern brought it to the Court's attention in <u>De Jesús Colón, et al. v. Toledo Dávila, et al.</u>, Civ. No. 99-1511 (JP).

Any party requesting any document or further information during or as a result of a deposition must formalize the request in writing within seven days of the deposition and must file a copy with the Court.  The non-requesting party must comply with the request within fifteen days of the filing of the request.

IX.  **DISPOSITIVE MOTIONS**:

The Court grants the parties until **September 30, 2008**, to file any and all dispositive motions.  If the non-moving party wishes to file an opposition, it must do so on or before **October 14, 2008**.  **The Court warns the parties that it will not grant extensions of time to**

CIVIL NO. 08-1269 (JP)          -12-

file a dispositive motion, extensions of time to oppose a dispositive motion, or extensions of time to file certified translations in support of or in opposition to dispositive motions.  The Court will not grant leave to file replies or surreplies.  The parties must serve the Court with a courtesy paper copy of their dispositive motions, together with all their attachments on the date they are filed.  Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, and may include a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

The Court also warns the parties that they must strictly comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico.  If a party opposing a motion for summary judgment fails to comply with the requirements of Local Rule 56(c), the Court will deem admitted all properly supported facts proposed by the moving party.

In the event that a motion for summary judgment is filed and the case is not fully adjudicated on the motion for summary judgment, the Court will exercise its discretion under Rule 56(d) of the Federal Rules of Civil Procedure to determine the facts which are not in substantial controversy.  The Court's determinations of the facts which are not in substantial controversy will be listed in its

CIVIL NO. 08-1269 (JP)          -13-

"Opinion and Order" adjudicating the motion for summary judgment, and the "Opinion and Order" will constitute an order under Rule 56(d) of the Federal Rules of Civil Procedure.  These facts, and the facts listed the Uncontroverted Facts section of this Order, will form a list of uncontested facts that will be given to the jury.  The jury will be instructed that the facts are uncontested, and that they should disregard contradicting testimony.

Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico are important tools in the Court's efforts to ensure judicial economy.  Parties ignore these requirements at their peril.

X.    SCHEDULE WITH THE COURT:

Pretrial is **SET** for **November 17, 2008, at 2:00 p.m.**  While at the Pretrial Conference, the attorneys are ordered to have their clients available by phone, under penalty of fine.  Trial is **SET** for **January 7, 2009, at 9:30 a.m.**  On or before **November 7, 2008**, the parties must (1) meet and mark for identification all exhibits to be offered at trial, (2) file proposed jury instructions with citations to supporting authority, proposed verdict form, and proposed voir dire, if a jury trial is scheduled herein, and (3) file a joint pre-trial memorandum pursuant to Local Rules for the United States District Court for the District of Puerto Rico.  Any and all motions *in limine* shall be filed with the Court on or before **October 17,**

CIVIL NO. 08-1269 (JP)          -14-

**2008.**   Oppositions to motions *in limine* shall be filed within five days of the filing of the original motion. Failure to comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

The dates specified herein were agreed to or otherwise ordered by the Court at the Initial Scheduling Conference and the parties have been informed by the Court that they have to comply with the schedule regardless of the fact that this Order, in its written form, may not be entered before the deadline for compliance.  These dates must not be changed.  If a party or parties change the dates ordered herein, the change is at the risk of the party or parties interested in the information, and the Court will not alter the later deadlines or schedules in the litigation.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this  /st  day of September, 2008.

                                    JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE